Good morning, Your Honor. Please, the Court. My name is R. Wayne McMillan. My firm represented the respondent with the beginning with the second petition for review. I must say that my reaction is that you must have done a very good job because I would have thought the BIA would have just said, we already decided this case, forget it. But they didn't. I don't really get it. Since they didn't and since the government, I guess commendably and for that reason, isn't contending that you're foreclosed by the first hearing or by the same case, which I would have thought would have applied, but not once the BIA starts making substantive decisions. I guess we go ahead, but it's pretty weird. Well, perhaps the case should have ended back in around 2010 when the respondent attorney conceded removability. Well, not so much that, but when you got the remand, it was clearly just for the purpose of the voluntary departure. The IJ only decided that, and now you're back at the Board and you somehow talked the Board into hearing you again. So I guess we do it, but I would have thought they would have said, go away, altogether, which they didn't. Well, that's true, Your Honor, they didn't. They considered all of the new arguments raised by the petitioner. Say the BIA addressed the arguments, and we're here again. That's all you've got to really say. Well, I've been practicing a long time for this. The petitioner's attorney admitted the charge in number four, which is stated he was convicted, the respondent was convicted of a violation of 11-352. So he did specifically, I mean, I was concerned about this when I went back to the record. He specifically conceded the conviction and the removability, in those words. Yes, he couldn't have been more clear. So at least as to removability, that has to be over, no? In my opinion, it could have ended that day, but it did not. The case went on for another couple of years. But that is what the Board ultimately decided as to removability, right? Even the second time. In the second petition for review, the Board decided that he was removable because of the conviction. Concession. And that the expungement, the 1203.4 expungement, did not apply because they conceded it wasn't or concluded it was not a simple possession case. And that's what I want to discuss today, whether or not 11-352 can be the subject of a 1203.4 expungement, whether considered whether or not it's a simple possession case. Let me ask you this. You want to get to the last issue, which is FOFA, or I call it FOFA, but I don't know what it is. Anyway, but it seemed to me that you first of all got to find that the issue was not exhausted before the BIA, correct? You mean the first time? Yes. Well, on appeal from the IJ, nobody argued that he was not bound by the attorney's concession that he was removable as charged. No, nobody. That's an AR 8 through 12. That's that issue is not exhausted. So now we're looking for an exception to the exhaustion. Do you not want to go into that issue? You want to go directly to the FFOA? Your Honor, the argument in our brief was that there was a concession and then an attempt to withdraw the concession. And it seems to me that you're arguing here before me as to that, that the admissions were unreasonable professional judgment, correct? Yes. But the BIA did decide this FFOA issue the second time. The second time. Once it decides it, isn't the exhaustion question over? I mean, in other words, even if you didn't raise it properly or whatever, it decided it in the opinion we're reviewing. And we have case law that says that, you know, once they decide something, you can challenge them whether they should have decided it or not. Well, this petition comes from the second. I know. And in the second hearing, there is a paragraph that substantively responds to your FFOA argument. Yes, I agree. All right. So I don't get the exhaustion problem. So that's what I want to argue today. So you want to go to the FFOA argument? I don't know. You really don't want to go as the attorney's concessions argument? You want to go to the FFOA argument? I don't know where we came up with the first argument, but it's not very. All right. So we're at the FFOA argument. Did the IJ or the BIA grapple with this issue? No. Ultimately, the IJ asked. It seemed to me the BIA suggested counsel admitted it was for sale. That's what the BIA said, that counsel admitted it was for sale. There is nothing on the record that indicates what happened. I thought the FFOA – maybe I'm looking at the wrong opinion. But in the 2013 opinion, the BIA says, even if the respondent had been convicted of transportation of a controlled substance, as he alleges, none of the predicate offenses prescribed by 11352A encompass simple possession of crimes. Correct. Thus, he is ineligible for waiver of disability. So they did grapple with it. They did grapple with it, Your Honor. But I think they're incorrect in that. Well, that's different. But why did you answer and say they didn't grapple with it? They did grapple with it. I think the issues have been exhausted. We appealed, they denied, and we're here. Let's supposing they grappled with it. Okay. I was just trying to get where you were going because I'm trying to determine on my decision tree, which is in front of me, what you're really going to argue to me. Let's supposing they grappled with it. And they said none of these were equivalent to simple possession. So why is that wrong? Why is that wrong? Well, because they were primarily discussing the transportation element. Could it be a simple possession? We argued that it could, and we've argued before this Court that it could. Under California law, up until recently, an individual could have a small amount for personal use. Yes, but there's a California decision, I gather in a different statute, but explaining that transportation – I mean, in fact, under California law, as it existed then, the penalty is higher for the transportation crime than for the possession crime. Yes, it is. And there's a California opinion, as I understand it, that tries to explain, you know, why transportation is worse even if you're – if it's just for personal use. Now, it's not terribly persuasive to me, but nonetheless, California seems to think so. And that's the point. They seem to think so, and it's a moral policy. And therefore, there is something other than possession, and it is under California law a more serious crime than possession. Does being more serious make it more than a simple possession? Well, California thinks it is. Under 11352, it's not simply a sale or a transportation. It is the broadest statute of any type of statute in California that I've ever seen. It makes it a crime to transport, import, sell, furnish, administer, give away, offer to transport, import, sell, furnish, administer, give away, or attempt to do any of those things. I can imagine a situation where a person could be prosecuted for sharing a joint with his friend or giving someone a small amount. Well, that is more than mere possession. Pardon? That is more than mere possession. That hypothetical is more than mere possession. An offer to, it could be more, but more than a simple possession. I mean, a better one is somebody has a joint in his pocket and walks from the kitchen to the living room. Right. And crosses the street with it. Well, it would seem to me that the First Defender Act doesn't necessarily go to the name of the crime itself, but also to what happened in the crime. I don't think Moncrief goes to that. Let me ask you, what do I do? I mean, if, in fact, the BIA is wrong that maybe it could be the equivalent of simple possession, what do I do? What I would do is. . . What do I do in that situation? Supposing that this might be the equivalent of simple possession. I can't tell you that it is. I don't have any of the documents in the record. I don't have any idea to know what the crime was that was committed. Do I allow people to go outside the record to determine the amount of the drug or what was done? Is it okay if it's inconclusive? What if there are no records that will give us that? Then is it absolutely you lose because you have the burden? What do I do? Your Honor, the record before the court and before the IJ was very minor. It was nothing more than a printout. I understand, but I'm asking you. If I swallow your argument, what do I do? I would remand it. For what? What do I allow the IJ to do? At the worst for the respondent, you would require him to carry his burden to demonstrate that it is a simple possession based upon the underlying facts of the case. Does he get to look at all the underlying records? Is this or was it first of all got to be a certain type of divisible crime to even look at the record? Have I got to allow him to go outside the record to get all this kind of stuff? What if he can't come up with it and it's inconclusive then and no FFOA? I'm not so sure under the, I think, the Colder case. We actually have an on-bank case pending right now that has something to do with that issue if we ever got to it. In any event, your time is up, so thank you. Thank you. Good morning again, Your Honors. Michael Heiss on behalf of the respondent, the Attorney General of the United States. The agency properly concluded that this alien is removable. The court lacks jurisdiction over the unexhausted challenge as to the concession. I believe that's what Judge Smith was asking about was whether or not he had previously disputed whether the concession was reliable. Right. Getting into- Well, whether it was exhausted or not exhausted. I mean, the BIA in its second decision relied on it and they seemed to be right, so I don't know- Right. These are two questions. There's the concession itself as to what did the alien counsel concede. Right. And it's the fact that he was convicted of selling cocaine. No, he didn't concede that. He conceded that the conviction made him removable. That there was a conviction and it made him removable. Or accumulating to a controlled substance. He never conceded that the conviction was for cocaine. And I don't think the board ever said he did. Actually, in his brief to the board on the second time around, administrative record page 11, he absolutely conceded that cocaine was the drug involved. He conceded it or he stated it? Stated it. It's a judicial- I understand the BIA to be saying that, but I don't know what difference it makes. The question- What difference does that make? Getting into whether or not the Federal First Offender Act applies- That doesn't apply to cocaine? The Federal First Offender Act? Yeah. No. Well, I looked at it closely. It only seemed to be talking about possession. It didn't say possession of marijuana. I believe it refers specifically to- Really? I'm not sure it does. I thought it did, but when I looked at it, I couldn't see it. My understanding of that is it refers to, I believe it's 841B6. I'm doing that from memory. But that talks about simple possession. If a person found guilty of an offense described in Section 404 of the Controlled Substances Act, which is simple possession, but it's general. Okay. And then he hasn't been convicted of another one, and he hasn't- the court may pass him on probation. It doesn't say anything about marijuana. Ultimately, the question is, of what was he convicted? And was it a simple possession crime? Could there be an analogous finding to a simple possession? Right, but I don't think the cocaine has anything to do with it. He concedes that this isn't simple possession. In fact, in his brief, his opening brief petition- Well, he concedes that he was convicted of a crime that includes transportation. Right, which is not simple possession. That was precisely what Your Honor was saying previously. Well, yes. I mean, honestly, I understand that California thinks and thought, even before they amended the statute, that there was something additional. I gather they also did prosecute people for walking across the street with some marijuana in their pocket. Those are separate statutes. I know they're separate statutes. I don't quite get why it's different from simple possession, because any time you possess something, you're going to- I mean, they sure, for some reason, have rigor mortis. I mean, you're going to move. Well, this Court has recognized that that makes a big difference. Simple possession, the word simple is critical there, and possessions simply standing there- It doesn't make a big difference. It may make a little difference. I don't think it's terribly sensible, but California does seem to think so. In Miranda-Maltez, which is an unpublished case, 470 Federal Appendix 580- Please don't cite unpublished appeals to us. Please don't. Please don't cite unpublished appeals to us. How about a published California appellate court decision finding that transportation involves greater public risks? Okay, but it's an unpublished decision. People versus them all, absolutely. I just asked you four times not to cite it. It's not citable in California, and it's not citable to us. This one's not. This one's from the State of California, Your Honor. I know. That's a published decision. Oh, that's a published decision. Yes, Your Honor. Okay. The unpublished one is from this Court. I'm not going to talk about it anymore. But the California courts have held that possession- Well, right. That's right. It did. Transportation is more than possession, and there's no dispute about that. Also, I did not hear any challenge to the reliability of the document here. No challenge to what drug was involved. Ultimately, we have an individual that's trying to find an exception to his conviction, but he's not disputing his attorney's concession as to what he was convicted. And without that, it really leaves very little for the agency to do. Ultimately, he is bound by his attorney's concession. It was a tactical decision so as to be able to pursue discretionary relief or to try to find some sort of exception. He wanted to maybe obtain a 212H waiver. He did obtain a continuance, pursue his FFOA argument. Well, you don't think the concession went to the FFOA argument. He would need the FFOA. Well, if he's conceding he's convicted, he would need the FFOA to get him past it. Right, but you don't think that the concession conceded the FFOA. No. That was the point. The concession was to open the door to all these alternatives to it. The attorney made a tactical decision, which this court has recognized is not necessarily a bad idea. In fact, this case is on all fours with Perez Mejia, which involved possession of cocaine for sale. It's entirely the same. It's the interest in moving things along and also pursuing discretionary relief that might require some exceptions based on that conviction and different interpretations thereof. He wants to argue that it was simple possession, not sale, or that it was transportation and that transportation is akin to simple possession. Those are all arguments he can make, and that's a tactical decision. But arguing about whether or not he was convicted, that's something that the counsel chose to do, and we have no argument here that that was not a tactical decision. Ultimately, the court should deny the petition for review. The court has no further questions. Thank you, Your Honor. Thank you. Your Honor, the only thing that the respondent's attorney conceded was that he was, in fact, got convicted of what the NTA said he got convicted of and that he was removable because of that. And he was inadmissible for that reason? He was both inadmissible and therefore removable. I don't think there was ever a concession that he, nor was there any evidence or judicially noticeable facts that, in fact, he was selling cocaine. What difference does that make? I'm sorry? What difference does the cocaine make here? None. None, right. None. So let's just forget it. Whatever, that whole list of drugs under the California statutes, it doesn't matter what it is. Because for the FOA, it doesn't matter. Correct. And for the concession, he conceded that it was controlled substance, whatever it was, whether it was. It wouldn't have mattered, in my opinion. Right. I mean, if we were having a different argument, then it would matter. But, no, it wouldn't have mattered. And recently, a couple of years ago, the California legislature actually changed 11352 to require there to be an intent to sell. It has to be a transportation that has to be with the intent to sell. Your additional time is up. Thank you very much. Thank you. The case of Devia Contreras is submitted versus Sessions, and we will take a short break. Thank you.
judges: Berzon, N.R. Smith, Nye